IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-0161-WS |
| | ) | |
| RAY GENE MIDDLETON, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter comes before the Court on defendant Ray Gene Middleton's Motion to Dismiss Indictment (doc. 59). The Motion has been briefed and is ripe for disposition. Also pending before the undersigned is a similar Motion to Dismiss embedded in a Motion for Bill of Particulars filed by defendant Robert Newman (*see* doc. 108).[1]

**I.     Relevant Background.**

Defendant Ray Gene Middleton is one of multiple defendants named in a sealed Indictment (doc. 1) that was filed in this District Court on July 25, 2013. Middleton is charged in Count One (conspiracy to manufacture more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846), Count Two (conspiracy to unlawfully possess pseudoephedrine, with knowledge and reasonable cause to believe that it would be used to manufacture a controlled substance, all in violation of 21 U.S.C. § 846), and Count Ten (possession of pseudoephedrine on or about June 8, 2013, with knowledge and reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2)).

---

[1]     Defendant Newman's Motion for Bill of Particulars has been referred to Magistrate Judge Nelson; however, the portion of Newman's Motion that encompasses a Motion to Dismiss has been referred directly to the undersigned to obviate the need for entry of a Report and Recommendation. Also, defendant Middleton has filed a separate Motion for Bill of Particulars (doc. 102), which has likewise been referred to Magistrate Judge Nelson. The undersigned does not here consider the requests for a bill of particulars, but confines its inquiry to movants' assertions that the Indictment is so deficient that it should be dismissed altogether.

Although the Indictment is under seal, Middleton has been provided with a redacted copy of it. The names of Middleton's co-defendants were blacked out of that copy. He has requested a complete copy of the Indictment from the Government; however, the Government has declined, for the stated reason of avoiding "disclosure of the identities of two co-defendants whose whereabouts remain unknown and as a consequence have not yet been arrested." (Doc. 93-1, at 2.) As to the other five named co-conspirators in the Indictment (John Howard Huggins, Donald Eugene Wilson, Ronald Jonathan Newman, Michael R. Delevieleuse, and Janet Marie Boykin), those individuals have been arrested and have already had their initial appearances in this District Court. The Indictment is no longer sealed as to them, and Middleton is aware of their identities and status as co-defendants and alleged co-conspirators.[2]

Middleton has moved to dismiss the Indictment against him for the stated reason that in its present redacted form the Indictment violates his due process rights by failing to provide him notice of the charges. Middleton theorizes that the Indictment's redactions constitute an improper alteration and require its dismissal. Defendant Newman makes similar arguments based on a similar procedural posture (*i.e.*, he is charged in three counts of the Indictment, the Government has provided him a redacted version of the Indictment, and he claims to need access to the complete document, as well as certain additional information, in order to prepare for trial).

## II. Analysis.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see also United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (similar). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation omitted). Middleton and Newman contend that the redacted Indictment fails to satisfy these threshold requirements.

---

[2] Furthermore, the Court understands that one of the two remaining alleged co-conspirators was arrested yesterday morning (doc. 120), such that the case should be unsealed as to that defendant in the very near future (assuming it hasn't already been unsealed).

The redaction of the names of two alleged co-conspirators from the copies of the Indictment furnished to Middleton and Newman does not implicate their due process rights or otherwise give rise to a viable basis for dismissal of the Indictment. Indeed, the premise of the Motions to Dismiss (*i.e.*, that the Constitution entitles defendants to know the names of all charged co-conspirators and for such information to be furnished to them via unredacted indictment at the outset of the case) is undermined by abundant contrary authority. *See, e.g., Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344 (1951) ("at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown") (citations omitted); *United States v. Goodwin*, 492 F.2d 1141, 1144 (5th Cir. 1974) ("A person can be convicted of conspiring with persons who are not identified by name in an indictment so long as the indictment asserts that such other persons exist and the evidence supports such an assertion."); *United States v. Davis*, 679 F.2d 845, 851 (11th Cir. 1982) ("The existence of the conspiracy agreement rather than the identity of those who agree is the essential element to prove conspiracy."); *United States v. Giuseppe Bottiglieri Shipping Co., S.P.A.*, 2012 WL 1899844, *3 (S.D. Ala. May 24, 2012) ("as a matter of black-letter law, an indictment need not name all members of a conspiracy in order to satisfy minimum constitutional guarantees").

The reasoning of these authorities is amplified here by the fact that defendants Middleton and Newman are not completely in the dark as to the identities of their charged co-conspirators. Aside from each other, Middleton and Newman now have been informed of the names of four other charged co-conspirators, such that they are missing just two names. Neither movant has suggested, much less shown, that those two names are so crucial to their ability to put on an effective defense and to prepare for trial that the Government's refusal to disclose them until such time as those two co-conspirators have been arrested implicates their due process rights. Besides, the Government has agreed to provide such names to movants when the two missing co-conspirators are arrested, which should provide movants with ample notice.

**III. Conclusion.**

For all of the foregoing reasons, the Court finds that the temporary redaction of the Indictment to conceal the names of two alleged co-conspirators who have not been arrested does not entitle defendants Middleton and Newman to the extreme sanction of dismissal of the

Indictment. Accordingly, Middleton's Motion to Dismiss (doc. 59) and the Motion to Dismiss embedded as an alternative plea for relief in Newman's Motion for Bill of Particulars (doc. 108) are both **denied**. In so concluding, the Court makes no findings and expresses no opinion at this time as to whether Middleton or Newman are entitled to a bill of particulars. Those requests have been referred to Magistrate Judge Nelson and will be adjudicated in due course.

DONE and ORDERED this 1st day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE