IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0161-WS |
| | ) |
| RAY GENE MIDDLETON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Government's Motion to Sever Defendant Boutwell (doc. 132).[1]

Defendant Shannon Rebekah Boutwell is one of eight defendants indicted together in this matter on certain controlled substance offenses. Of relevance to the instant Motion, Count One of the Indictment charges all eight defendants with having knowingly and willfully conspired, during the time frame of early 2009 through July 24, 2013, to manufacture more than 50 grams of a methamphetamine mixture, in violation of 21 U.S.C. § 846. Similarly, Count Two charges all eight defendants with having knowingly and willfully conspired, during the same time frame, to unlawfully possess pseudoephedrine with knowledge and reason to believe that it would be used to manufacture a controlled substance, all in violation of 21 U.S.C. § 846. The Indictment also includes eight substantive counts, one directed at each defendant, for possession of pseudoephedrine with knowledge that it would be used to manufacture a controlled substance.

Seven named defendants have been arrested on these charges at various times, with multiple defendants being taken into custody in late August 2013 and one defendant apparently remaining at large today. Defendant Boutwell was arrested on September 30, 2013, and her trial has been set for December 2013. By contrast, several co-defendants who were arrested earlier are set for trial in the November 2013 term.

---

[1] By Order (doc. 138) dated October 3, 2013, Magistrate Judge Nelson directed defendants to respond to the Motion to Sever by no later than October 9, 2013. That deadline has now expired, and only defendant Boutwell has responded. Boutwell's Response (doc. 145) reflects that she has no objection to the Motion to Sever.

The Government now requests that the case against Boutwell be severed from that as to the other defendants, including the six defendants who have been taken into custody. As grounds for this request, the Government states that its lead counsel, Gloria A. Bedwell, recently became aware of a potential conflict of interest, personal to her, that would preclude her from proceeding with the Boutwell prosecution. Counsel indicates that the subject conflict would not impair her ability to represent the Government in the prosecution of the six arrested co-defendants in this matter; rather, the scope of the conflict is confined to the prosecution of defendant Boutwell. On that basis, Attorney Bedwell must recuse herself from the Boutwell prosecution, and another Assistant U.S. Attorney, Maria Murphy, will handle that matter. Meanwhile, Attorney Bedwell wishes to continue as lead counsel with respect to the other six defendants. This proposed staffing arrangement to accommodate Attorney Bedwell's conflict would be problematic (to say the least) if all seven defendants were tried together. In recognition of that fact, the Government now requests that the case against defendant Boutwell be severed from the case against the remaining defendants, such that Attorney Bedwell will prosecute the latter while Attorney Murphy prosecutes the former.

Case law is legion for the proposition that "[j]oint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1309 (11th Cir. 2010) ("Joint trials have long been a common and preferred procedure in both federal and state courts."). In light of these important policy considerations, it comes as no surprise that "in conspiracy cases … the refrain is that defendants charged with a common conspiracy should be tried together." *Lopez*, 649 F.3d at 1235 (citation and internal quotation marks omitted); *see also United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) ("It is well settled that defendants who are indicted together are usually tried together. … This is particularly true in conspiracy cases.") (citations omitted).

Notwithstanding the strong preference for jointly indicted co-conspirators to be tried together in joint trials, the Federal Rules of Criminal Procedure do make allowance for severance of defendants' trials "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." Rule 14(a),

Fed.R.Crim.P. The Rule 14 severance remedy is quite narrow in application; indeed, the Supreme Court has cautioned that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Indeed, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39; *see also Lopez*, 649 F.3d at 1234 (because of presumption favoring joint trials of conspiracy cases, "[t]he exceptional circumstances justifying a deviation from the rule … are few and far between," and party seeking severance must carry "heavy burden" of showing "compelling prejudice," such that joint trial "would actually prejudice the defendant and … a severance is the only proper remedy"); *United States v. Baker*, 432 F.3d 1189, 1237 (11th Cir. 2005) ("[s]everance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of" any instructions the trial court might give); *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) ("Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder.").

Although defendants file the overwhelming majority of Rule 14 severance motions, federal courts have imposed a similarly rigorous burden on the Government in contexts where it has sought severance. *See, e.g., United States v. Clay*, 579 F.3d 919, 928 (8th Cir. 2009) ("Regardless of which party seeks severance – the government or one or more of the defendants – the policy preference for joinder requires the district court to find prejudice to the moving party should the motion not be granted."); *United States v. Stein*, 497 F. Supp.2d 565, 568 (S.D.N.Y. 2007) ("[T]he government is in a very poor position to request separate trials because it was in the controlling position to determine how the case initially was charged. Certainly in the absence of a specific showing of prejudice to the government, and perhaps even then, the government is not entitled to a severance.") (internal quotation marks and footnote omitted); *United States v. Fregoso-Bonilla*, 494 F. Supp.2d 1014, 1016 (E.D. Wis. 2007) ("Although it is almost always a defendant who moves for severance, Rule 14 also permits the government to seek relief if joinder results in prejudice."); *see generally United States v. McGregor*, 840 F. Supp.2d 1281, 1285 (M.D. Ala. 2011) (observing that "some courts have ruled that the government should be held to a higher standard when seeking a severance").

Here, the Government has not made the requisite showing of prejudice under Rule 14, and has not otherwise overcome the strong public interest in having persons jointly indicted as alleged co-conspirators tried together. To be sure, the Government has requested that Boutwell be severed from her co-defendants to facilitate Attorney Bedwell's desire to continue to prosecute the co-defendants even though a conflict prevents her from serving as lead counsel with respect to the Boutwell prosecution. But the Government has identified nothing other than administrative convenience and staffing preference to support this request. There is no reason to think that, for example, Attorney Murphy or someone else in the U.S. Attorney's Office is incapable of stepping in to prosecute this action in its entirety. Although the Government has not alleged it, the Court has no doubt that Attorney Bedwell has invested considerable time and effort into investigating, indicting and preparing this case for trial. In the absence of severance, Attorney Bedwell may be cut off from further involvement in this case. Nonetheless, the Government has not shown that it would sustain prejudice if it were forced to reassign this action in its entirety to another Assistant United States Attorney, as opposed to merely reassigning the slice that pertains to Boutwell. Furthermore, even if the Government had shown prejudice, the Court would exercise its discretion under Rule 14 to deny this request for severance given the strong public policy considerations favoring a joint trial in this conspiracy case and the obvious inefficiencies inherent in severance, as compared to the weak showing of harm that may befall the Government in the absence of severance. This is simply not the sort of rare, unusual, or exceptional case in which severance under Rule 14 is an appropriate remedy.

For all of the foregoing reasons, the Government's Motion to Sever Defendant Boutwell (doc. 132) is **denied**.

DONE and ORDERED this 10th day of October, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE